# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MATEEM HUDSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:20-cv-02878-TLP-tmp |
| v. ) | |
| ) | |
| RAYMOND BYRD, ) | |
| ) | |
| Respondent. ) | |

## ORDER DENYING MOTION FOR DISCOVERY

Petitioner Mateem Hudson moves for discovery.[1] (ECF No. 21.) Respondent Raymond Byrd responded.[2] (ECF No. 23.) For the reasons below, the Court **DENIES** the motion for discovery.

Petitioner's discovery motion is hard to understand. But the motion appears to request broad categories of discovery. Petitioner first requests copies of the district attorney's "[f]iles, indictments, pre-trial motion orders, and correspondence, trial transcripts, sentencing transcripts, motion for new-trial transcripts, (The identification of the assigned attorney to prepare the motion for new trial), Docket report, appeal briefs, transcripts to appeal, and Supreme Court rulings." (ECF No. 21 at PageID 1807.) Petitioner also wants a complete copy of his file from

---

[1] The full title of Petitioner's motion is "Motion for Discovery Statement of Account Demand Settlement and Closure by Interim Trustee By Affidavit of the Beneficiary Without Prejudice." (ECF No. 21.)

[2] Petitioner filed a reply, entitled "Claimants responsive pleading Rule Nisi Statement of Account Demand Settlement and Closure by Interim Trustee By Affidavit of the Beneficiary Without Prejudice." (ECF No. 24.) Although docketed as a reply in support of his discovery motion, the filing does not address Petitioner's discovery requests and appears to reply to Respondent's answer to the habeas petition. (ECF No. 20.)

his own lawyer who represented him at trial, including "pre-trial motion orders from trial attorney Jeff Woods, motion schedules or docket report, his notes, also correspondences between attorney Woods and the district attorney[']s office; include telephone surveillance, interviews with State[']s witnesses." (*Id.* at PageID 1809.)  Lastly, Petitioner seekscomplaints of misconduct on District Attorney Amy Weirich, Assistant District Attorneys Abby Wallace and Cris West, Judge Chris Craft, Attorneys Jeff Woods, Mozella R. Ross, Claiborne Ferguson, and Lance Chism, Sgt. A.T. Carter, Lr. E. Halfacre, and Lt. Barry Hanks. (*Id.*)  Petitioner asks for these items within 30 days of receipt of the motion. (*Id.* at PageID 1814.)

Habeas petitioners do not have an automatic right to discovery. *See Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quoting *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)).  Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") governs discovery in these cases.  That rule says "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." *See Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) ("For good cause shown, the district court has the discretion to permit discovery in a habeas proceeding . . . .").  A party requesting discovery must give reasons for the request and include proposed interrogatories, requests for admission, and identify requested documents. *See* Habeas Rule 6(b).

The goal of Habeas Rule 6 is to be "consistent" with the Supreme Court's decision in *Harris v. Nelson*, 394 U.S. 286 (1969). *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997).  In *Harris*, the Court explained when courts should allow discovery in habeas cases:

> [W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

2

394 U.S. at 300.

"[B]ald assertions" or "conclusory allegations" do not show "[g]ood cause." *Stanford*, 266 F.3d at 460; *see also Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004).  Rather, a petitioner must show that the requested discovery is materially related to claims raised in the habeas petition and likely to "resolve any factual disputes that could entitle [the petitioner] to relief."  *Williams*, 380 F.3d at 975 (quoting *Stanford*, 266 F.3d at 460) (internal quotation marks omitted); *see Bracy*, 520 U.S. at 908–09 (allowing discovery relevant to "specific allegations" of fact in support of a claim of constitutional error); *Post v. Bradshaw*, 621 F.3d 406, 425 (6th Cir. 2010) (stating that discovery provides petitioner "that extra evidence he . . . needs to prove or strengthen his case"); *Braden v. Bagley*, No. 2:04-CV-842, 2007 WL 1026454, at *2 (S.D. Ohio Mar. 30, 2007) ("Rule 6's 'good cause' standard requires petitioner to at least attempt to identify what he expects to uncover through his discovery requests.").[3]  In short, Rule 6(a) does not permit a "fishing expedition masquerading as discovery," *Stanford*, 266 F.3d at 460.

Respondent opposes this discovery motion for many reasons.  Respondent argues that Petitioner asserts no "good cause" for the discovery requests, Petitioner bases the requests on § 1983 violations, and Petitioner fails to identify a cognizable habeas claim underlying the discovery requests or show how these requests materially relate to a factual dispute.  (ECF No. 23 at PageID 1820–22.)  Respondent asserts also that Petitioner has no right to discovery on

---

[3] "The Sixth Circuit has not determined whether § 2254(e)(2) applies to motions for discovery." *Hill v. Anderson*, No. 4:96CV0795, 2010 WL 5178699, at *8 (N.D. Ohio Dec. 14, 2010).  A petitioner may show good cause under Habeas Rule 6 without meeting the higher standard for an evidentiary hearing in 28 U.S.C. § 2254(e)(2).  *Payne v. Bell*, 89 F. Supp. 2d 967, 970 (W.D. Tenn. 2000); *see Braden*, 2007 WL 1026454, at *6 (distinguishing discovery from factual development under § 2254(e)(2)); *see also Simmons v. Simpson*, No. 3:07-CV-313-S, 2009 WL 4927679, at *5–6 (W.D. Ky. Feb. 12, 2009) (pointing out that this is not the unanimous view of all federal courts).

exhausted claims—because he is limited to the record presented in the state court on those claims—or on procedurally defaulted habeas claims where he has not shown cause to excuse the default. (*Id.* at PageID 1822.)

As discussed above, the motion requests broad categories of discovery. But Petitioner has not said how the requested documents relate to his habeas claims or how they will resolve any relevant factual dispute. What is more, some documents requested—those related to the state court proceedings in Petitioner's case—already appear in the docket in the state court record. (ECF No. 19.) At bottom, because Petitioner has no right to discovery in habeas cases without good cause, and because Petitioner has not given the Court good cause for his discovery requests, this Court cannot rule in his favor.

The Court therefore **DENIES** the motion for discovery without prejudice.

**SO ORDERED**, this 25th day of October, 2021.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE